The order below is hereby signed.

Signed: May 01, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KEVIN DONNELL PARKER, | ) | Case No. 08-00278 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER SUSTAINING LANDLORD'S
OBJECTION TO DEBTOR'S SECTION 362(l)(1) CERTIFICATION

On April 25, 2008, the debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. The debtor's petition acknowledges that the debtor's landlord, United Dominion Realty Trust ("United Dominion"), has a prepetition judgment for possession of the debtor's residence, and the landlord has filed an objection to the debtor's attempt to certify that he has a right to cure the default that gave rise to the prepetition judgment for possession under 11 U.S.C. § 362(l)(1) (Docket Entry ("DE") No. 15, filed May 1, 2008).

Section 362(b)(22) of 11 U.S.C. provides that the filing of a petition "does not operate as a stay --"

> subject to subsection (l), under subsection (a)(3), of
> the continuation of any eviction, unlawful detainer

> action, or similar proceeding by a lessor against a
> debtor involving residential property in which the
> debtor resides as a tenant under a lease or rental
> agreement and with respect to which the lessor has
> obtained before the date of the filing of the
> bankruptcy petition, a judgment for possession of such
> property against the debtor . . . .

Section 362(l), to which § 362(b)(22) is made subject, provides the debtor with an opportunity to mitigate or avoid the harsh results of § 362(b)(22).  Pursuant to § 362(l)(1), if the debtor files and serves upon the lessor a certification under penalty of perjury that, (1) under nonbankruptcy law, circumstances exist under which the debtor would be permitted to cure the monetary default that gave rise to the judgment for possession, <u>and</u> (2) that the debtor has deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition, § 362(b)(22) will not apply until 30 days after the date of the filing of the petition.  Pursuant to § 362(l)(2), § 362(b)(22) will not apply at all if, in addition to complying with subsection (l)(1), within 30 days after the filing of the petition the debtor files and serves upon the lessor a further certification under penalty of perjury that the debtor has cured the entire monetary default that gave rise to the judgment, and the lessor does not successfully object to any of the debtor's certifications.  Finally, § 362(l)(4) provides that if the debtor indicates on the petition that there was a judgment for possession of the residential rental property in which the

debtor resides and does not file a certification under paragraph (1) or (2):

> (A) subsection (b)(22) shall apply immediately upon failure to file such certification, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property; and
>
> (B) the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22).

In the instant case, the debtor made only a partial certification under § 362(l)(1), to wit, he certified that his landlord, United Dominion, has a prepetition judgment for possession of his residence and that under nonbankruptcy law there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession. The debtor failed, however, to certify that he included with his petition the deposit of any rent that would become due during the 30-day period after the filing of the petition. The court's records further reflect that no deposit was made.

Having failed to certify that the necessary deposit was made, and having failed to actually make such a deposit, the court concludes that the debtor did not make a certification of the type contemplated under § 362(l)(1). Accordingly, § 362(l)(4)(A) applies and the court finds that § 362(b)(22)

applied immediately upon the filing of this case "and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property."[1]

United Dominion's objection was filed under § 362(l)(3)(A), which permits the lessor to file an objection to any debtor certification under § 362(l)(1) or (2), and calls for the court to hold a hearing within 10 days after the filing and service of such objection "to determine if the certification filed by the debtor under paragraph (1) or (2) is true."  No such hearing is necessary because the objection to the debtor's certification does not dispute its veracity; rather, the debtor has altogether failed to make the necessary certification regarding the required

---

[1]  The clerk's office previously arrived at the same conclusion and made the following entry, pursuant to 11 U.S.C. § 362(l)(4)(B), on the docket on April 28, 2008:

> Clerk's Office Notifies Parties in Interest that on the Voluntary Petition the Debtor States that the Landlord has a Judgement Against the Debtor for Possession of Debtor's Residence. In Accordance with USC 362(l)4B, the Debtor did Not Provide, (1) a Certification of Intent to Cure Monetary Default for Residential Property and, (2) the 30 Day Rent Deposit.

The clerk's office also entered a notice of the issuance of a certified copy of the docket (DE No. 11, entered April 28, 2008), but it remains unclear whether United Dominion was actually served with a copy as it should have been pursuant to § 362(l)(4).  Regardless, the court deems it appropriate to clarify by way of this memorandum decision and order that because the debtor's attempted § 362(l)(1) certification was materially deficient, it was insufficient to trigger the protections of § 362(l)(1).

deposit.  Accordingly, there is no disputed certification for the court to address at a hearing.  It is thus

ORDERED that United Dominion's objection to the debtor's certification under § 362(l)(1) (DE No. 15) is sustained without the necessity of a hearing.  It is further

ORDERED that pursuant to 11 U.S.C. § 362(b)(22), the automatic stay imposed by 11 U.S.C. § 362 shall not apply to prevent the debtor's landlord, United Dominion Realty Trust, from enforcing its prepetition judgment for possession of the debtor's residence.

[Signed and dated above.]


Copies to: Debtor; Chapter 13 Trustee; Stephen Nichols