The Memorandum Decision and Order below is hereby signed.  Dated: May 8, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| KEVIN DONNELL PARKER, | ) | Case No. 08-00278 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE
<u>DEBTOR'S MOTION FOR RECONSIDERATION</u>

The debtor commenced this case by the filing of a voluntary petition on April 25, 2008.  On his petition, the debtor indicated that his landlord, United Dominion Realty Trust ("United Dominion"), has a pre-petition judgment against the debtor for possession of the debtor's residence.  According to 11 U.S.C. § 362(b)(22), the filing of a petition "does not operate as a stay-"

> subject to subsection (l), under subsection (a)(3), of the continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . .

Under 11 U.S.C. § 362(l), debtors who wish to avoid the immediate applicability of § 362(b)(22) must file <u>with their petition</u> and serve upon their landlord a certification under penalty of perjury that, (1) under nonbankruptcy law, circumstances exist under which the debtor would be permitted to cure the monetary default that gave rise to the judgment for possession, and (2) that the debtor has deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.  If the debtor so certifies, and if that certification is not successfully opposed by the landlord, § 362(b)(22) will not apply until 30 days after the date of the filing of the petition.

In the instant case, the debtor certified on his original petition that under nonbankruptcy law there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession. The debtor did not, however, certify on his petition that he had included the deposit of any rent that would become due during the 30-day period after the filing of the petition, and the debtor did not in fact make any such payment into the court's registry. In disposing of United Dominion's Objection to Debtor's § 362(l)(1) Certification (DE No. 15, filed May 1, 2008), the court determined that the debtor's failure to make any certification regarding the payment of rent that would become due during the

30-day period after the filing of the petition constituted a failure to make a certification of the type contemplated under § 362(l)(1) and that "§ 362(l)(4)(A) applies and . . . § 362(b)(22) applied immediately upon the filing of this case 'and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property.'"

On May 5, 2008, ten days after the filing of the petition and after the court issued its memorandum decision and order regarding the applicability of § 362(b)(22) to United Dominion's pre-petition judgment for possession of the debtor's residence, the debtor filed a "Certification of Intent to Cure Monetary Default For Residential Property" (DE No. 21) in which the debtor certifies that he "is submitting the certification of intent to cure monetary default and submitting the rent payment with this court."  With his Certification of Intent to Cure, the debtor also deposited $1,952.00 into the court's registry.  The debtor's certification is, in effect, an attempt to amend the voluntary petition to include the requisite § 362(l)(1) certification and to prevent the applicability of § 362(b)(22).  On May 7, 2008, the debtor filed a motion for reconsideration of the court's order sustaining the landlord's objection to the debtor's § 362(l)(1) certification (DE No. 22), contending that the debtor was not properly served and that the court ruled upon the

3

objection without scheduling a hearing or notifying the debtor of the objection.

For reasons explained in more detail below, the court will deny the debtor's motion for reconsideration.  Moreover, the court concludes that the debtor's May 5, 2008 certification (DE No. 21), having been filed ten days after the filing of the original petition, is untimely and does not disturb the court's earlier finding that § 362(b)(22) applied immediately upon the filing of the petition in this case and continues to apply notwithstanding the debtor's subsequent filing of what purports to be a certification of intent to cure.

I

When a debtor's landlord has a pre-petition judgment for possession of the debtor's residence, section 362 provides unambiguous instructions for what the debtor must do - and when - in order for the automatic stay to apply to prevent the landlord from continuing any eviction, unlawful detainer action, or similar proceeding against the debtor.  First, section 362(l)(1) provides that:

> Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor <u>files with the petition</u> and serves upon the lessor a certification under penalty of perjury that
>
> (A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary

4

>   default that gave rise to the judgment for possession,
>   after that judgment for possession was entered, and
>
>       (B) the debtor (or an adult dependent of the
>   debtor) has deposited with the clerk of the court, any
>   rent that would become due during the 30-day period
>   after the filing of the bankruptcy petition.

[Emphasis added.] By its own terms, the 30-day grace period provided to debtors under § 362(l)(1) is only available to those debtors who file the necessary certification <u>with the petition</u>. Although Congress could have provided debtors with a limited opportunity to amend their petition to supply an omitted certification, Congress instead elected to impose immediate consequences and to immediately permit landlords with pre-petition judgments for possession of the debtor's residence to continue with "any eviction, unlawful detainer action, or similar proceeding" if the debtor fails to file the required § 362(l)(1) certifications at the commencement of the case.  Specifically, the unambiguous language of § 362(l)(4) provides that:

>   If a debtor . . . indicates on the petition that there
>   was a judgment for possession of the residential rental
>   property in which the debtor resides and does not file
>   a certification under paragraph (1) or (2) -
>
>   (A) subsection (b)(22) **<u>shall apply immediately upon
>   failure to file such certification</u>** and relief from
>   the stay provided under subsection (a)(3) shall not
>   be required to enable the lessor to complete the
>   process to recover full possession of the property .
>   . . ."

[Emphasis added.]  The debtor's failure to file the requisite § 362(l)(1) certification with his petition immediately triggered

5

the applicability of § 362(b)(22), and there is nothing in § 362 that purports to allow a debtor to amend or supplement his petition 10 days after the petition date in an effort to somehow render § 362(b)(22) retroactively inapplicable.  The statute, as written, is inflexible with respect to the deadline for filing a § 362(l)(1) certification, and the debtor's May 5, 2008 certification was simply filed too late to trigger the protections of § 362(l)(1).

In enacting § 362(b)(22) and § 362(l)(4), Congress provided a mechanism under which, from the outset of the case and unless the debtor makes very specific certifications at the time he files his petition, landlords can know with certainty whether or not the stay applies to their continued enforcement of pre-petition judgments for possession of the debtor's residence.  A rule such as this has the benefit of certainty, and permitting subsequent amendment of the petition by the debtor in order to render § 362(b)(22) inapplicable would render § 362(l)(4)'s language as to the immediate applicability of § 362(b)(22) meaningless.  The automatic stay ought not be a moving target, being deemed immediately inapplicable upon the filing of the petition based upon the debtor's failure to make the necessary certifications under § 362(l), yet applicable if the debtor, on his own schedule, decides to later amend his petition to invoke the protections of § 362(l), which Congress determined to make

6

available to debtors only at the commencement of the case.  If amendment of the petition were given retroactive effect, United Dominion would be faced with a statutory scheme that makes the stay inapplicable at one moment, but then imposes it later at the whim of the debtor.  A statutory scheme such as that would necessarily subject landlords to additional expense.  Congress has clearly provided in § 362(l)(4) that the stay does not apply the moment the debtor fails to make a required certification on the petition, thereby giving the debtor's landlord a green light to continue enforcing a judgment for possession, which the debtor cannot then change into a red light by belatedly amending the petition.  The Code simply does not allow for the debtor to file the required § 362(l)(1) certifications throughout the pendency of his case rather than with his petition, and to so permit would be prejudicial to United Dominion and result in the type of delay and uncertainty that §§ 362(b)(22) and (l)(4) were likely intended to prevent.  For all of these reasons, the court finds that the debtor's May 5, 2008 certification did not satisfy the requirements of § 362(l)(1).

                                II

In his motion for reconsideration, the debtor complains that he was not properly served with United Dominion's objection and that the court ruled on the objection without scheduling a hearing or notifying the debtor of the objection.  The debtor's

7

failure to make the necessary § 362(l)(1) certifications on his petition is a matter of record in this case, and as a matter of law, the failure to make those certifications triggered the applicability of § 362(b)(22).  The basis for the court's memorandum decision and order was the debtor's failure to certify on his petition that he had deposited with the clerk of court any rent that would become due during the 30-day period after the filing of the bankruptcy petition, and even if United Dominion had not filed an objection to the debtor's § 362(l)(1) certification, section 362(l)(4)(B) expressly provides that, when such a certification is missing, "the clerk of court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of a filed certification and the applicability of the exception to the stay under subsection (b)(22)."[1]  To the extent the clerk of court is authorized to indicate on the docket that a missing certification has triggered the applicability of § 362(b)(22), the court is equally empowered to make a sua sponte ruling by way of a memorandum decision and order that a missing certification triggered the applicability of

---

[1]  The clerk of court made such an entry on the docket in this case prior to United Dominion's filing of its objection, yet it is unclear whether United Dominion was properly served with a certified copy of the docket, as required under § 362(l)(4)(B).  Under the circumstances, the court deemed it appropriate to clarify through its memorandum decision and order that because the debtor's attempted § 362(l)(1) certification was materially deficient, it was insufficient to trigger the protections of § 362(l)(1).

§ 362(b)(22).[2]  For these reasons, the court rejects the debtor's contention that reconsideration is warranted based upon improper service or lack of notice and a hearing.

In further support of his motion for reconsideration, the debtor contends that he has a right to certify his intent to cure the monetary default.  As explained above, the debtor was required to exercise his right to certify the intent to cure when he filed his petition, or not at all.  The debtor does not contend that he made the necessary certification on his original petition and his argument regarding a debtor's right to certify an intent to cure therefore lacks merit.  It is thus

ORDERED that the debtor's motion for reconsideration and request for hearing (DE No. 22) is DENIED.  It is further

ORDERED that the debtor's Certification of Intent to Cure Monetary Default (DE No. 21) does not constitute a timely or effective certification under 11 U.S.C. § 362(l)(1).  It is further

ORDERED that 11 U.S.C. § 362(b)(22) applied immediately upon the filing of the petition in this case and pursuant to § 362(b)(22), the automatic stay imposed by 11 U.S.C. § 362 shall not apply to prevent the debtor's landlord, United Dominion

---

[2] Had United Dominion filed an objection that challenged the veracity of any certifications made by the debtor (which it did not), and had the court purported to adjudicate such a dispute (which it did not), the debtor would have been entitled to notice and a hearing pursuant to § 362(l)(3)(A).

9

Realty Trust, from enforcing its prepetition judgment for possession of the debtor's residence. It is further

ORDERED that the clerk of court shall return to the debtor the $1,952.00 payment made by the debtor into the court's registry.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee; Stephen Nichols.